Frankie Lee WILLIAMS, Petitioner— Appellant,

v.

Joan PALMATEER, Superintendent, Respondent—Appellee.

No. 01–35817.

D.C. No. CV–99–00149–AA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided May 16, 2002.

---

** Honorable Charles R. Weiner, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

Before TROTT and T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

### MEMORANDUM **

Frankie Lee Williams appeals the district court's denial of his 28 U.S.C. § 2254 petition. We affirm. Even if the evidence meets the first two requirements of a *Brady*[1] violation, it fails to meet the third: prejudice.[2]

Prejudice, in this context, involves establishing "a reasonable probability of a different result" at trial had the evidence not been withheld.[3] Williams has not done so. Had counsel known that Schlemmer had seen the photograph, he would have had additional support for his motion seeking a special identification procedure, and he might have chosen to present a pretrial motion to suppress. In addition, he could have prepared to cross-examine Schlemmer more fully. Williams fails to show how any of these things establish a reasonable probability that the result of his trial would have differed. And, in light of the rest of the facts, we see no such probability ourselves.

The district court correctly concluded that the state court proceedings did not result in a "decision that was contrary to, or involved an unreasonable application of,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

2. *See Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

3. *Id.* at 291.

clearly established Federal law." [4] Accordingly, we affirm.

AFFIRMED.